**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tamisha Hill, | No. CV-09-839-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| First Integral Recovery, LLC; and O.J. Lawal & Associates, | |
| Defendants. | |

Plaintiff Tamisha Hill filed a complaint against Defendants First Integral Recovery, LLC and O.J. Lawal & Associates on April 21, 2009, asserting violations of the Fair Debt Collections Practices Act and a common law claim for invasion of privacy. Dkt. #1. Plaintiff has filed motions for default judgment. Dkt. ##10-11. For reasons that follow, the Court will deny the motions without prejudice.

Because Defendants' default has been entered under Rule 55(a) of the Federal Rules of Civil Procedure (*see* Dkt. ##8-9), the Court has discretion to grant default judgment against Defendants pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Factors the Court should consider in deciding whether to grant default judgment include (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Because Plaintiff does not address the *Eitel* factors, the Court will deny the motions for default judgment without prejudice. Plaintiff shall have until **September 18, 2009** to refile the motions. The new motions shall fully address each *Eitel* factor and also shall include an explanation and evidence sufficient to support any calculation of damages. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (factual allegations of the complaint relating to the amount of damages are not taken as true on a motion for default judgment); Fed. R. Civ. P. 8(b)(2)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

**IT IS ORDERED:**

1. Plaintiff's motions for default judgment (Dkt. ##10-11) are **denied** without prejudice.
2. Plaintiff shall have until **September 18, 2009** to file new motions for default judgment consistent with this order.

DATED this 31st day of August, 2009.

_____
David G. Campbell
United States District Judge