**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tamisha Hill, | No. CV-09-839-PHX-DGC |
| Plaintiff, | **ORDER AND DEFAULT JUDGMENT** |
| vs. | |
| First Integral Recovery, LLC; and O.J. Lawal & Associates, | |
| Defendants. | |

Plaintiff Tamisha Hill filed a complaint against Defendants First Integral Recovery, LLC and O.J. Lawal & Associates on April 21, 2009, asserting violations of the Fair Debt Collections Practices Act ("FDCPA") and a common law claim for invasion of privacy. Dkt. #1. Plaintiff has filed an amended motion for default judgment. Dkt. #13. No response has been filed, and the time for doing so has expired. *See* LRCiv 7.2(c). For reasons that follow, the Court will grant the motion in part and deny it in part.

Because Defendants' default has been entered under Rule 55(a) of the Federal Rules of Civil Procedure (*see* Dkt. ##8-9), the Court has discretion to grant default judgment against Defendants pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Factors the Court should consider in deciding whether to grant default judgment include (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts,

(6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Having considered Plaintiff's motion and supporting affidavit, which address each of the *Eitel* factors (*see* Dkt. ##13, 13-3), and having reviewed the well-pled factual allegations of the complaint (*see* Dkt. #1), the Court concludes that default judgment is appropriate on the FDCPA claim (count one). *See Nero v. Law Office of Sam Streeter, P.L.L.C.*, --- F. Supp. 2d ---, No. 08-CV-1459 (KAM) (RLM), 2009 WL 2981973, at *10 (S.D.N.Y. Sept. 10, 2009) (granting default judgment on FDCPA claims); *Gilmore v. Account Mgmt., Inc.*, No. 1:08-cv-01388-JOF, 2009 WL 2848249, at *2 (N.D. Ga. Aug. 31, 2009) (same). The Court will grant Plaintiff's motion to the extent she seeks $1,000 in statutory damages under 15 U.S.C. § 1692k(a)(2)(A) and $1,889.50 in attorney fees and $500 in costs under 15 U.S.C. § 1692k(a)(3). *See* Dkt. #13 at 4. Because Plaintiff seeks damages under the FDCPA only, and because she has not briefed her common law claim for invasion of privacy (count two), the Court will not grant default judgment with respect to that claim. *See Jenkins v. E. Asset Mgmt., LLC*, No. 4:08-CV-1032 CAS, 2009 WL 2488029, at *2-4 & n.1 (granting default judgment on FDCPA claim but not claim for invasion of privacy). Plaintiff's request for an award of $750 in anticipated collection fees and costs will be denied.

**IT IS ORDERED:**

1. Plaintiff's amended motion for default judgment (Dkt. #13) is **granted in part** and **denied in part**. Default judgment in the total amount of **$3,389.50** is entered in favor of Plaintiff and against Defendants on the FDCPA claim asserted in count one of the complaint (Dkt. #1). Plaintiff is awarded **$1,000.00** in statutory damages, *see* 15 U.S.C. § 1692k(a)(2)(A), and **$1,889.50** in attorney fees and **$500.00** in costs, *see* 15 U.S.C. § 1692k(a)(3).

2. Plaintiff's request for an award of $750.00 in anticipated fees and costs is **denied**.

3. Plaintiff shall, by **October 30, 2009**, file (i) a notice of dismissal of the invasion of privacy claim (count two), or (ii) a status report indicating how

Plaintiff intends to proceed on that claim.

DATED this 15th day of October, 2009.

_David G. Campbell_
David G. Campbell
United States District Judge